1

2

3

4

5

6

7

**IN THE UNITED STATES DISTICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON**

8

9    PATRICK VAN HORN,                          No.  2:18-cv-1469

10                              Plaintiff,

11            v.                                 COMPLAINT

12    DETECTIVE ERIC MOORE, a City of Kent       *With Jury Demand*
      police officer, in his individual and official
13    capacity and JANE DOE MOORE and the
      marital community comprised thereof; TY
14    HONDA, a City of Kent police officer, in
      her individual and official capacity and
15    JOHN DOE HONDA and the marital
      community comprised thereof;
16    COMMANDER ROB SCHOLL, a City of
17    Kent police officer, in his individual and
      official capacity and JANE DOE SCHOLL
18    and the marital community comprised
      thereof; SERGEANT J. THOMPSON, a City
19    of Kent police officer, in his individual and
20    official capacity and JANE DOE
      THOMPSON and the marital community
21    comprised thereof; CHIEF OF POLICE
      KEN THOMAS,  in his individual and
22    official capacity and JANE DOE THOMAS
23    and the marital community comprised
      thereof; and the CITY of KENT, a municipal
24    corporation,

25                              Defendants.

      COMPLAINT  - Page 1

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

1

2      COMES NOW the plaintiff, Patrick Van Horn, through his attorneys of record, Kannin

3      Law Firm P.S., and hereby presents the following claims:

4                                    **JURISDICTION**

5                                          1.

6      Jurisdiction is founded upon the existence of a federal question.

7                                          2.

8      This is an action to redress the deprivation under color of statute, ordinance, regulation,

9      custom or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth,

10     and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983).

11                                         3.

12     Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4).

13

14                                         4.

15     Venue is proper in the United States District Court of the Western District of Washington

16     because the acts or omissions which form the basis of the Plaintiff's claims occurred in the City of

17     Kent, Washington and the defendants reside in Washington State

18

19                                         5.

20     At all times relevant to this complaint, Plaintiff was an individual residing in the City of

21     Kent, Washington.

22                                         6.

23     At all times referred to herein, Defendant KEN THOMAS, City of Kent Chief of Police

24     was employed by Defendant City of Kent and its Police Department as the Chief of Police of the

25     City of Kent and is believed to have been the supervising and commanding officer of Defendant

26     COMPLAINT  - Page 2

1  COMMANDER ROB SCHOLL, City of Kent Police Officer, Defendant EDWARD MOORE,

2  City of Kent police detective; Defendant TY HONDA, City of Kent police officer, and J.

3  THOMPSON, City of Kent police officer supervising Sergeant.

7.

5  At all times referred to herein, Defendant police officer ROB SCHOLL, was employed

6  by City of Kent and its Police Department as a police commander and is believed to have been

7  one of the supervising and commanding officers of Defendant MOORE, City of Kent police

8  detective off duty working at the Scorpions Concert and  Defendant TY HONDA, City of Kent

9  police officer off duty working at the Scorpions Concert, and Sergeant J. THOMPSON, City of

10  Kent police officer who further approved of the off-duty Kent police officers' use of force at the

11  Scorpions concert.

8.

13  At all times referred to herein, Defendants EDWARD MOORE, TY HONDA, and

14  SERGEANT J. THOMPSON were employed by the City of Kent and its Police Department as

15  police officers.

9.

17  Plaintiff sues all individual defendant officers in their individual capacities and sues the

18  supervisory/municipal defendants KEN THOMAS, ROB SCHOLL and J. THOMPSON in their

19  individual and official capacities. At all times relevant to this complaint the defendants were

20  acting within the scope of their employment for defendant City of Kent and along with defendant

21  municipal corporation City of Kent were acting under color of law.

**FACTS**

10.

25  On October 9, 2015, during the early evening, Plaintiff Patrick Van Horn was at the City

COMPLAINT  - Page 3

1   of Kent's ShoWare Center arena watching a rock and roll music concert.

2                                                11.

3        During the concert as the band was playing on the stage, Defendant City of Kent

4   employees, it's police officers, Defendants Moore and Honda, came into the arena and entered

5   the row where Plaintiff Van Horn, his friends, and others were watching the Scorpions in concert

6   playing music at the defendant City of Kent's ShowWare arena.

7                                                12.

8        Defendants Moore and Honda used force to remove Plaintiff Van Horn from his seat in

9   section 102 at the concert hall without warning Plaintiff Van Horn they were about to use

10  physical force against him.   The Defendants further failed to and did not tell plaintiff Van Horn

11  why they were removing him from his seat at the Scorpions concert. Defendant Moore came up

12  plaintiff Van Horn, grabbed plaintiff Van Horn's arm and spun Van Horn around and pulled Van

13  Horn's arm behind his back. Defendant Moore did not tell plaintiff Van Horn why he grabbed

14  the plaintiff.  Defendant Moore pulled Van Horn causing Plaintiff Van Horn to fall into/onto

15  defendant Moore.

16                                               13.

17       Without warning defendant Honda aimed her Taser weapon at Plaintiff Van Horn and

18  shot Plaintiff Van Horn with her Taser weapon. A barbed dart from defendant Honda's Taser

19  weapon hit plaintiff Van Horn and embedded itself into plaintiff Van Horn's stomach. Another

20  barbed dart from defendant Honda's Taser weapon missed plaintiff Van Horn and sailed off into

21  the crowd at the ShowWare arena. When defendant Honda shot Van Horn with her Taser

22  weapon Van Horn was next to his seat near defendant Moore, inside the Kent defendant's

23  concert hall, and the band was playing onstage. At some point during this interaction defendant

24  Moore further used what he described as a knee strike to cause plaintiff Van Horn to fall down.

25  Plaintiff Van Horn fell onto the seats in front of him. The physical force Defendant Moore used

    COMPLAINT  - Page 4

26

against Plaintiff Van Horn to accomplish his removal action was excessive and unnecessary.

14.

The physical force Defendants Moore and Honda used against Plaintiff Van Horn to accomplish their removal action from the concert was excessive and unnecessary. Plaintiff Van Horn describes feeling intense pain in his right shoulder when defendant Moore first used force to pull Plaintiff Van Horn away from his seat and further pulled Van Horn's arms behind his back.

15.

The defendants forced Van Horn's arms behind his back and handcuffed him as he was on the floor of concert hall in the row just in front of his seat. Plaintiff Van Horn describes feeling intense pain in his right shoulder when defendant Moore and Honda used force to pull Plaintiff Van's arms behind his back.

16.

Van Horn told the defendants Moore and Honda that he was injured. The defendants Moore and Honda disregarded what Van Horn told them. After handcuffing Van Horn, the defendants lifted/held Plaintiff Van Horn up by his arms and removed him from the row where he had been watching the concert with his friends. Van Horn's friends saw him taken into police custody in handcuffs. Plaintiff Van Horn reported being in extreme pain.

17.

The defendants Moore and Honda took Van Horn outside of the concert arena in handcuffs. Next the defendants Moore and Honda caused plaintiff Van Horn to be handcuffed and leg cuffed, his legs and wrists restrained.  One of the ShoWare arena's security staff reported that he saw Van Horn was hog tied, outside of the ShoWare arena on the sidewalk. After the

COMPLAINT  - Page 5

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

defendants hogtied Van Horn as described by the ShoWare security staff the defendants left Van Horn in front of the ShoWare Center concert arena.  Plaintiff Van Horn was in extreme pain outside restrained in four-point restraints, wrist and ankle cuffs, what the ShoWare agent/contractor who witnessed described as hog tied. Plaintiff Van Horn struggled to move/roll himself so to relieve pressure on his injured right shoulder. People leaving the concert arena through the doors to the parking lot are believed to have seen Plaintiff Van Horn restrained in this four-point hogtied fashion in front of the ShoWare Center.

18.

Next the Kent defendants caused the injured Plaintiff Van Horn to be loaded into a City of Kent vehicle, took him to jail and caused Plaintiff Van Horn to be booked into the City of Kent jail.  Plaintiff reports being in extreme pain. Plaintiff had not committed a crime.

19.

Plaintiff Van Horn paid bail money to get out of jail that night. Upon getting out of jail Plaintiff Van Horn went to an emergency medical care clinic. Doctors and staff at the emergency medical clinic examined Van Horn's injured shoulder and had to surgically remove Defendant Honda's taser dart from plaintiff Van Horn's stomach.

20.

Based on defendant Moore's and Honda's reports, and the defendant supervising officers' review and approval of defendants' Moore's and Honda's reports, the City of Kent charged plaintiff Van Horn with crimes that he did not commit.

21.

The defendants filed police reports that caused the defendant City of Kent to charge plaintiff Van Horn with the gross misdemeanor crimes of assault in the fourth degree and obstructing a police officer. Plaintiff Van Horn engaged legal counsel to defend against the City's false criminal charges. Plaintiff Van Horn incurred attorneys' fees and costs in his defense

COMPLAINT  - Page 6

KANNIN LAW FIRM P.S.
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

to the City's false criminal charges. After a year and four months of having the City's criminal case of assault by spilling or pouring 200 milliliters of beer, pending against him, on February 15th, 2017 a jury found plaintiff Van Horn not guilty and acquitted him.

22.

The Defendant city of Kent's employees caused plaintiff Van Horn to suffer a severe and disabling injury to his right shoulder. As a direct and proximate result of the defendants' acts and failures to act Plaintiff Van Horn underwent medical treatment that required the expenditure of money and he incurred significant medical bills. The Defendants' re-injured Van Horn's right shoulder to such an extent that he had to undergo a surgery to replace it and repair it. After the January 2016 surgical operation plaintiff endured a painful period of recovery and physical therapy. After the January 2016 surgery Plaintiff's right shoulder is not what it was before the October 9, 2015 police assault. Plaintiff Van Horn has lost a significant range of motion, lost strength and lost stability in his right shoulder joint as a direct result of the Defendant City of Kent's employees, the defendants' acts and failures to act. The physical losses and impairments are permanent. Plaintiff Van Horn expects to incur future medical expenses that would not have been necessary but for the Kent defendants' acts and failures to act.

23.

As a direct and proximate result of the defendants' acts and failures to act Plaintiff Van Horn could not work and lost wages.

24.

As a direct and proximate result of the defendants' acts and failures to act. Plaintiff Van Horn was publicly embarrassed and humiliated in front of his friends. He experienced pain when the City of Kent defendants caused him to suffer serious bodily injuries. He further experienced pain and suffering when he underwent medical treatment for the disabling and disfiguring injuries that have left him permanently, partially disabled all caused by the defendants' acts and

COMPLAINT - Page 7

failures to act. Plaintiff Van Horn also suffered a loss of enjoyment of his own life.

25.

Plaintiff Van Horn also had to pay attorney's fees and costs to defend against the City of Kent's criminal charges that he would not have had to pay but for the defendant City of Kent's employees acts and failures to act.

26.

On October 9, 2015, and days subsequent defendant Thomas was the chief of police at the Kent Police Department and as the chief officer was the City of Kent supervising employee of defendants Honda, Moore, Thompson and Scholl. Defendant Commander Scholl and defendant Sergeant Thompson were also Defendant City of Kent supervising employee of defendants Honda and Moore. Defendant Thomas the Chief of police was the City of Kent employee responsible for training and supervising defendants Honda and Moore, Thompson and Scholl. Defendant Thomas was the City of Kent employee responsible for ensuring defendants Honda, Moore, Thompson and Scholl were adequately and lawfully trained and supervised when carrying out their duties on behalf of the defendant City of Kent.

27.

The City of Kent defendants Moore and Honda caused plaintiff Van Horn to suffer injuries to his body that required the expenditure of money for medical care and treatment of his injuries. The defendants' Moore and Honda excessive use of force caused plaintiff Van Horn to suffer serious permanent disabling injuries to his person. plaintiff Van Horn underwent medical treatment for his injuries. This included two surgeries, first to remove the defendants' Taser dart from his stomach second to repair his injured right shoulder. Plaintiff Van Horn continues to suffer from his injuries caused by the defendants. Plaintiff Van Horn anticipates additional

COMPLAINT  - Page 8

1   medical treatment to be necessary in the future. Plaintiff Van Horn's injuries were and are

2   painful, permanent, disabling, and disfiguring.

3

4                                          28.

5        Defendant Chief Thomas is believed to be defendant municipal corporation City of

6   Kent's chief policy maker regarding implementing the City of Kent Police Department's use of

7   force policies, practices and customs and the police Department's management, control and

8   oversight policies.  Defendant Chief Thomas is further believed to be defendant City of Kent's

9   representative who ultimately approved, and/or ratified the other defendants' use of force in this

10  case and who further approved, and/or ratified the other defendants Thompson and Schols's

11  approvals of the defendants Moore and Honda's use of force. Defendant Chief Thomas is further

12  believed to be defendant municipal corporation City of Kent's chief policy maker regarding

13  implementing the City of Kent Police Department's   policies, practices and customs for

14  discipling City of Kent employees for failing to act and follow the City of Kent Police

15  Department's policies and procedures. In determining and implementing the City of Kent Police

16  Department's policies and procedures, Defendant Chief Thomas is believed to rely upon the

17  assistance of, and policy making, development and implementation of other defendants one of

18  whom is City of Kent supervisory employees defendant Rob Scholl and another is defendant

19  Sergeant Thompson. Defendant Rob Scholl and defendant Sergeant Thompson further ratified

20  defendants' Moore and Honda's use of force against plaintiff Van Horn.

21                                         29.

22       The defendant City of Kent's policies for use of force, using less lethal weapons, the

23

24  reporting the use of force, discipling officers for use of force, mission implementation, restraints

25  COMPLAINT  - Page 9

26

policy, discipling officers,  and other policies that are purportedly in place  to manage and control the City's police employees, are/were implemented such that the acts and failures to act of the individuals defendant City of Kent's employees carrying out the City's policies are not/were not reviewed, and/or  policy violations do not result in discipline and or effective review.

30.

As a direct and proximate result of the said acts of the City of Kent defendants the plaintiff Patrick Van Horn suffered the following injuries and damages:

a. Violation of his constitutional rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution;

b. Physical pain and suffering requiring the expenditure of money for treatment;

c. Lost wages and income.

c. Economic and non-economic damages incurred and expected to be incurred, in an amount to be established at trial.

31.

The actions of the defendants further violated the following clearly established and well-settled federal constitutional rights of Patrick Van Horn:

a.       Freedom from the use of excessive and unreasonable force
         against his person that caused plaintiff's bodily injuries.

b.       Freedom from the use of excessive, unreasonable and/or unjustified force
         against his person after he was arrested and became a prisoner in the custody of
         the defendants.

c.        Denial of access to reasonable and necessary medical care and treatment after
         plaintiff became a prisoner in the custody of the defendants.

COMPLAINT  - Page 10

    d.      Being taken into police custody and then held in custody without ever being informed of the nature and cause of the government's accusation against him that caused him to be held in custody.

    e.      Denial of his right to speak freely under the First amendment.

    f.      Denial of his right to due process of law and the right to equal protection of laws.

    g.      Denial and/or unreasonable interference with his right to seek relief by way of a civil action in State Court unfettered by government interference.

**FIRST CLAIM: UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS CITY OF KENT POLICE OFFICERS EDWARD MOORE &TY HONDA, IN THEIR INDIVIDUAL CAPACITIES (EXCESSIVE FORCE)**

32.

Plaintiff re-alleges paragraphs 1 through 31 above.

33.

42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

34.

Plaintiff Van Horn had a firmly established right under the Fourth Amendment forbidding unlawful and unreasonable seizure and granting him the rights to be free from

COMPLAINT  - Page 11

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

1   physical abuse, excessive force, and the use of force to cause him to suffer bodily injuries as well

2   as a firmly established right to be free from excessive force being used against him to effect an

3   arrest, search or seizure.

4                                      35.

5       At all times material herein, defendants EDWARD MOORE, and TY HONDA, , acting

6   under color of state law, had a duty to refrain from depriving plaintiff Van Horn of his

7   constitutional rights. Defendants EDWARD MOORE, , and TY HONDA breached this

8   aforementioned duty to refrain from depriving plaintiff of his constitutional rights by using

9   unreasonably excessive force to arrest Van Horn, on October 9, 2015 and take him into police

10  custody which constituted a violation of plaintiff's clearly-established rights under the Fourth

11  and Fourteenth Amendments to the Constitution of the United States, forbidding unlawful and

12  unreasonable seizure.

13

14                                     36.

15      At the time they breached their duties to plaintiff defendants EDWARD MOORE, and

16  TY HONDA, acted under color of law and were employed by Defendant City of Kent.

17                                     37.

18      Plaintiff was subjected to physical injury, pain, and fear by the illegal acts of defendants

19  and claims damages, attorney fees, and punitive damages for the injuries set forth herein under

20  42 U.S.C. § 1983 against Defendants EDWARD MOORE, and TY HONDA, for violation of his

21  constitutional rights under color of law in an amount to be proven at trial.

22                                     38.

23      The conduct of the defendants was knowing, intentional, and malicious, by reason of

24  which plaintiff is entitled to punitive damages.

25
    COMPLAINT  - Page 12
26

**SECOND CLAIM: UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS CITY OF KENT POLICE OFFICERS EDWARD MOORE, &TY HONDA, IN THEIR INDIVIDUAL CAPACITIES FOR VIOLATION OF PLAINTIFF'S FOURTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS (IN CUSTODY CRUEL AND UNUSUAL PUNISHMENT - DENIAL OF MEDICAL TREATMENT AT THE CITY OF KENT JAIL)**

39.

Plaintiff re-alleges paragraphs 1 through 38 above.

40.

At all times material herein, defendants EDWARD MOORE, and TY HONDA, acting under color of state law, had a duty to refrain from depriving plaintiff Van Horn of his constitutional rights.

41.

Defendants EDWARD MOORE, and TY HONDA breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by using unreasonably excessive force on Mr. Van Horn once he became a prisoner in their custody, which constituted a further violation of plaintiff's clearly-established rights under the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, using unreasonable force to punish and/or further injure Van Horn, a person detained and arrested by the defendants and whom they caused to be imprisoned at the City of Kent Jail based upon the defendants' accusations against plaintiff, when he was imprisoned plaintiff's was injured, the defendants caused the plaintiff's injuries, neither defendant ever told plaintiff why he was put in jail and/or what he had done that caused him to be forcefully detained as he was watching a music concert, thus the defendants breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by deliberately withholding necessary medical treatment from Mr. Van Horn, and failing to inform him of the nature and cause of the government's accusation, all which constituted a violation of plaintiff's clearly-established rights under the Fifth, Sixth, Eighth and Fourteenth

COMPLAINT  - Page 13

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

1   Amendments to the Constitution of the United States, to punish or injure prisoners at the City of

2   Kent Jail.

3                                                    42.

4          At the time they breached their duties to plaintiff defendants EDWARD MOORE, and

5   TY HONDA, acted under color of law and were employed by Defendant City of Kent.

6                                                    43.

7          Plaintiff Van Horn claims damages for the injuries set forth above under 42 U.S.C. §

8   1983 against Defendants EDWARD MOORE, and TY HONDA, for violation of his

9   constitutional rights under color of law in an amount to be proven at trial.

10                                                   44.

11         The conduct of the defendants was knowing, intentional, and malicious, by reason of

12   which plaintiff is entitled to punitive damages.

13
      **THIRD CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS CITY OF KENT**
14    **DEFENDANTS THOMAS, HONDA, MOORE, SCHOLL and THOMPSON FOR**
      **VIOLATION OF PLAINTIFF'S FIRST, FIFTH, SIXTH, EIGHTH AND FOURTEENTH**
15                            **AMENDMENT RIGHTS**

16

17                                                   45.

18
           Plaintiff realleges paragraphs 1 through 44 above.
19
20                                                   46.

21         At all times material herein, defendants City of Kent Officers Honda, Thomas,

22   Thompson, Scholl and Moore, acting under color of state law, had a duty to refrain from

23   depriving plaintiff Van Horn of his constitutional rights.

24                                                   47.

25
      COMPLAINT  - Page 14
26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

At all times material herein, defendants City of Kent Officers Honda, Thomas, Thompson, Scholl and Moore, acting under color of state law, had a duty to refrain from depriving plaintiff Van Horn of his constitutional rights. Defendants breached the aforementioned duty by responding to plaintiff's meritorious claims for relief in State Court for injuries and harms caused by the defendants, based on independent witness fact finding, and based upon the defendants' reports, and statements, by deliberately and intentionally suing the plaintiff byway of a counterclaim lawsuit against the plaintiff, in which the defendants/counterclaim plaintiffs allege plaintiff Van Horn's State law torts lawsuit against these defendants and that plaintiff's claims therein were false and malicious, when in fact they were not and are not, and thereby the defendants, acting under color of law, used the power of their government offices, money from the City government treasury, and their official positions as Kent Police Department employees to actively and intentionally work to cancel, squash and deny plaintiff Van Horn access to the State's civil justice system, and deny plaintiff remedies in the State's Superior Court, and to thereby make plaintiff's potential remedies unnecessarily and unreasonably difficult to access, and to further attempt to silence the plaintiff's presentation of his claims in court, all of which constituted a violation of plaintiff's clearly-established rights under the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

48.

At the time they breached their duties to plaintiff defendants City of Kent Officers Honda, Thomas, Thompson, Scholl and Moore acted under color of law and were employed by or were agents of Defendant City of Kent.

49.

COMPLAINT - Page 15

Plaintiff Van Horn claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants City of Kent Officers Honda, Thomas, Thompson, Scholl and Moore for violation of his constitutional rights under color of law in an amount to be proven at trial.
.

50.

The conduct of the defendants was reckless and, or knowing, intentional, and malicious, by reason of which plaintiff is entitled to punitive damages.

**FOURTH CLAIM: UNDER 42 U.S.C § 1983 AGAINST CITY OF KENT AND DEFENDANTS KEN THOMAS, IN HIS CAPACITY AS CHIEF OF POLICE FOR THE CITY OF KENT, AND ROB SCHOLL, AS POLICE COMMANDER FOR THE CITY OF KENT FOR VIOLATIONS OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS (UNCOMNSTITUTIONAL POLICY PRACTICE OR CUSTOM) EXCESSIVE FORCE– DENIAL OF MEDICAL TREATMENT TO PRISONER IN JAIL- SUING PLAINTIFF WHO QUESTIONS KENT POLICE AUTHORITY)**

51.

Plaintiff realleges paragraphs 1 through 50 above.

52.

Prior to June 15, 2015, defendant Municipal Corporation City of Kent, by and through its Chief policy makers defendants chief of police KEN THOMAS and commander ROB SCHOLL, developed and maintained policies, practices, or customs, allowing the City's police officers to use excessive and unreasonable force, not discipling the City's police officers to use excessive and unreasonable force, tolerating exhibiting City's police officers to use excessive and unreasonable force, tolerating exhibiting City's police officers deliberate indifference to the constitutional rights of persons incarcerated in the City of Kent Jail, allowing the City's police

COMPLAINT  - Page 16

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

officers to use a civil lawsuit  against plaintiff Van Horn  and others who may or may have

complained of the City's employees aforementioned acts and failures to act, which caused the

violations of plaintiff Van Horn's rights.

53.

Defendant chief of police KEN THOMAS was employed by City of Kent and its Police

Department as the Chief of Police and is believed to have been the supervising and commanding

officer of Defendant Commander ROB SCHOLL. Commander ROB SCHOLL was employed by

City of Kent and its Police Department as the police commander and is believed to have been the

supervising and commanding officer of Defendants EDWARD MOORE, TY HONDA, and Sgt.

J. THOMPSON.

54.

At the time of the incident involving plaintiff Van Horn it is believed that it was the

policy, practice, or custom of City of Kent to fail to ensure adequate screening of police officer

candidates during the hiring process, or adequate training, supervision, and discipline of City of

Kent Police Officers.  The County did not require appropriate in-service training or retraining of

officers who violated the plaintiff's aforementioned rights.  The County did not require adequate

review and or screening of its officers' lawsuits against citizens who challenged the City's police

officers' authority such that a civil plaintiff whose meritorious claims were filed in the State

Superioer Court could have his or her lawsuit challenged by the defendant City Kent employees

without review and/or approval by the supervising Chief defendant Thomas and/or other

defendant City of Kent policymakers.  Defendant City of Kent did not require appropriate in-

service training or retraining of its employees/officers who were known to have engaged in

misconduct by using excessive force against citizens at liberty, denying medical treatment to jail

COMPLAINT  - Page 17

prisoners, authorizing its police officers to bring lawsuits against citizens who challenged the City's police officers' authority with civil lawsuits in the King County Superior Court, and these silence and/or failures thereby ratified Defendant City of Kent employees' misconduct. Defendant City of Kent further did not require appropriate in-service training or discipline for officers who tolerated other officers denying medical treatment to sick or injured jail prisoners, and/or who tolerated other officers using excessive force and/or unreasonable force against citizens.

55.

Because of the above described policies, practices, and customs, City of Kent Police officers, including the defendant officers named herein, believed that their actions or inactions would not be properly monitored by supervisory officers and or by defendant City of Kent supervisors and that the defendant officers' misconduct would not be investigated or sanctioned, but would be tolerated and/or ratified by defendants KEN THOMAS, ROB SCHOLL, and CITY OF KENT.

56.

The above described policies, practices, and customs of defendant City of Kent demonstrated a deliberate indifference on the part of defendant City of Kent to the constitutional rights of persons within the City Kent and were a cause of the City's police officer employees the individual above named defendants' constitutional failures, to include excessive and unreasonable force,  failing to provide and/or denying medical treatment to the plaintiff when he was a prisoner at the City of Kent jail actively, and by allowing the defendants School and Thompson using the legal process to deny plaintiff Van Horn an opportunity to be fully and fairly heard in State court with regard to his complaints for the defendants' wrong doing against

COMPLAINT  - Page 18

him.

57.

Plaintiff Van Horn claims damages for the injuries set forth above under 42 U.S.C. §
1983 against defendant City of Kent for violation of his constitutional rights under color of law
in an amount to be proven at trial.

**JURY DEMAND**

The plaintiff respectfully requests trial by jury.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff prays for judgment in an amount to be established at trial,
including:

a. Economic damages to plaintiff against the defendants jointly and severally;

b. Non-economic damages to plaintiff against the defendants jointly and severally;

c. Reasonable attorney's fees and costs to the plaintiff under 42 U.S.C. § 1988;

d. Punitive damages; and

e. Such other relief as this court may deem equitable.


DATED this 5th day of October, 2018.

KANNIN LAW FIRM P.S.


By: _John Kannin_

John Kannin, WSBA #27315
Attorney for Plaintiff

COMPLAINT  - Page 19

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com